```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON

AMERICAN NATIONAL PROPERTY    )
AND CASUALTY COMPANY,         )
                              )
     Plaintiff,               )      Civil Case No.
                              )      16-CV-275-JMH
v.                            )
                              )
DAVID STEFANIC,               )      MEMORANDUM OPINION & ORDER
                              )
     Defendant.               )
                              )
```

                                 ***

Plaintiff has filed a Response to the Court's Order to Show Cause [DE 5, 9], as well as an Amended Complaint [DE 10] in which it seeks a declaration of rights under a policy of insurance issued to Defendant Stefanic that it does not owe indemnification or a defense to Stefanic for claims asserted against him in a Hernando County, Florida, lawsuit for defamation, slander per se, and creating a false impression. In its Amended Complaint, Plaintiff claims that jurisdiction in this Court is properly founded on the diversity of citizenship of the parties under 28 U.S.C. § 1332 and because the amount in controversy exceeds $75,000.00.

In an action seeking a declaratory judgment, the amount in controversy is the value to the petitioner of the rights he seeks to protect. *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 783 (E.D. Ky. 2008) (citing *Williamson*

1

*v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007)). A right is valued by measuring the losses that a party will incur if the right is not protected. *Id*. (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). To determine the value of the controversy, the Court relies on the amount alleged in the complaint. *Id.* (citing *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990)). In this action, Plaintiffs aver the potential for losses in an amount which "exceeds Seventy-Five Thousand Dollars ($75,000.00)." [DE 10 at 2, ¶ 5; Page ID#: 184.] At this juncture, this is enough to satisfy the Court that jurisdiction is appropriate. Defendant, once served, may yet assert that the amount in controversy is asserted in bad faith and that this matter should be dismissed," *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008), or he may not.[1] In any event, that is an inquiry left for another day.

---

[1] In the Response to the Court's Order to Show Cause, Plaintiff explains that there is a well-documented history of large jury verdicts which well-exceed the $75,000.00 threshhold for the amount in controversy in Florida cases involving claims similar to those alleged against Defendant Stefanic in Hernando County. Plaintiff cites to a host of handsome verdicts which range from $166,381 to $5,000,000 but provides no details about the case against Defendant Stefanic which would support such an award if the Florida plaintiffs are successful including, for example, measurable losses which might serve as the touchstone for evaluating past and future loss of earnings, damage to reputation, and punitive damages. Nor has Plaintiff projected the value of staging a defense of those claims on its insured's behalf. This is neither here nor there with respect to the Court's inquiry today. Should Defendant later challenge the bona fides of the amount in controversy, however, Plaintiff

2

Accordingly, **IT IS ORDERED** that the Court's July 28, 2016, Order to Show Cause is **DISCHARGED**.

This the 9th day of August, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

should be aware that something other than jury verdicts obtained in other cases with different facts and demands will be necessary to support a claim of diversity jurisdiction in this Court.

3